# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| TWILA MAE WIKSTROM,<br><br>Plaintiff,<br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | No. C 14-4032-MWB<br><br>**ORDER REGARDING REPORT AND RECOMMENDATION** |

This case is before me on a Report and Recommendation (R&R) from Judge Leonard Strand, filed on February 23, 2015 (docket no. 16). In the R&R, Judge Strand recommends that I affirm the decision by the Commissioner of Social Security (the Commissioner) denying Plaintiff Twila Mae Wikstrom (Wikstrom) Social Security Disability benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq*. No party has filed objections to the R&R, and the 14-day window in which the parties may file objections is now closed. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2).

I review Judge Strand's R&R pursuant to the statutory standards found in 28 U.S.C. § 636(b)(1):

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28. U.S.C. § 636(b)(1); *see* FED. R. CIV. P. 72(b) (stating identical requirements); N.D. Ia. L.R. 72, 72.1 (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's R&R). While examining these statutory standards, the United States Supreme Court explained:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985). Thus, a district court may review *de novo* any issue in a magistrate judge's R&R at any time. *Id.* If a party files an objection to the magistrate judge's R&R, however, the district court *must* "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In the absence of an objection, the district court is not required "to give any more consideration to the magistrate's report than the court considers appropriate." *Thomas*, 474 U.S. at 150.

In this case, the parties filed no objections to the R&R. As a result, the parties waive both their right for me to review the R&R *de novo* and their right to appeal from Judge Strand's findings of fact. *United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009). Thus, I will review Judge Strand's R&R under a clearly erroneous standard of review. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting when no objections are filed and the time for filing objections has expired, "[the district court judge] would only have to review the findings of the magistrate judge for clear error"); *Taylor v. Farrier*, 910 F.2d 518, 520 (8th Cir. 1990) (noting the advisory committee's note to FED. R. CIV. P. 72(b) indicates "when no timely objection is filed the court need only satisfy itself that there is no clear error on the face of the record"). The United States Supreme Court has explained that "[a] finding is 'clearly erroneous' when although

there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

While I examine Judge Strand's R&R for clear error, I also review the Commissioner's decision to determine whether the correct legal standards were applied and "whether the Commissioner's findings are supported by substantial evidence in the record as a whole." *Page v. Astrue*, 484 F.3d 1040, 1042 (8th Cir. 2007) (quoting *Haggard v. Apfel*, 175 F.3d 591, 594 (8th Cir. 1999)). Under this deferential standard, "[s]ubstantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002); *see also Page*, 484 F.3d at 1042. In reviewing the Commissioner's denial of benefits to determine if it is supported by substantial evidence, the court must "not only . . . consider evidence in the record that supports the Commissioner's determination, but also any evidence that detracts from that conclusion." *Draper v. Barnhart*, 425 F.3d 1127, 1130 (8th Cir. 2005) (citing *Hutsell v. Massanari*, 259 F.3d 707, 711 (8th Cir. 2001)). Nonetheless, even if a court "might have reached a different conclusion had [it] been the initial finder of fact," the Commissioner's decision will not be disturbed "unless the record contains insufficient evidence to support the outcome." *See Nicola v. Astrue*, 480 F.3d 885, 886 (8th Cir. 2007) (citations omitted).

Here, Wikstrom argues that the record "does not contain substantial evidence to support the Commissioner's decision that she was not disabled during the relevant period of time." Report at 1. More precisely, the underpinning of Wikstrom's argument that the ALJ's decision is not supported by substantial evidence is two-fold: she makes the case that the ALJ (a) failed to evaluate the opinion evidence [as to her mental residual

functional capacity (RFC)] adequately and (b) failed to evaluate her credibility properly."[1]  *Id.* at 8 (citing Plaintiff's Brief (docket no. 12), 6–15).  Judge Strand disagrees.

First, as to the opinion evidence regarding Wikstrom's mental RFC, Judge Strand holds that the ALJ's decision to afford "little" weight to Mr. Albert Okine's opinion is supported by substantial evidence on the record.  Report at 17.  Mr. Okine's opinion, as to Wikstrom's limitations, is not only "inconsistent with [Mr. Okine's] own treatment notes" and the record, but also conflicts with Wikstrom's daily activities in the record. *Id.* at 16–17.  As Judge Strand points out, "Wikstrom shopped regularly," and "spent time with friends, communicated with a good friend on a daily basis and sometimes socialized with others."  *Id.* at 17 (citing Tr. 41, 42–43, 224, 355–356).[2]  All of which supports the ALJ's conclusion that Wikstrom's daily activities are "inconsistent with Mr. Okine's opinion."  *Id.*

Judge Strand also holds that the ALJ appropriately weighed the medical opinions of Dr. Michael Baker and Dr. Scott Shafer.  *Id.* at 19.  Further, Judge Strand expresses his agreement with the ALJ's assessment that Dr. Baker's opinion is vague at certain points, and that "his opinion fell short of offering specific guidance as to the extent of Wikstrom's limitations."  *Id.* at 17–18.  Thus, the ALJ provided good reasons for affording Dr. Baker's opinion "some" weight based on the record.  *Id.* at 19.  As to Dr. Shafer's opinion, Judge Strand also finds that the ALJ gave good reasons for affording that opinion "great" weight.  Judge Strand explains that the ALJ found that Dr. Shafer's opinion is consistent with the record as a whole, and it was later confirmed on review by

---

[1] Wikstrom's contentions focus on the opinions relating to her mental RFC, which include the opinions of: (1) Mr. Albert Okine, a physician's assistant; (2) Dr. Michael Baker, a psychological consultative examiner, who examined Wikstrom once; and Dr. Scott Shafer, a state agency psychological consultant.  Report at 8.

[2] In all subsequent citations, "Tr." stands for "The record."

4

Dr. Sandra Davis, another state agency psychological consultant. *Id.* at 18–19 (citing Tr. 18). For these reasons, Judge Strand "reject[s] Wikstrom's argument that the ALJ failed to evaluate the opinion evidence properly." *Id.* at 19.

Second, Judge Strand disagrees with Wikstrom's "abbreviated" contention that the ALJ failed to apply the *Polaski* factors in evaluating the credibility of Wikstrom's subjective complaints. *Id.* In reaching that conclusion, Judge Strand highlights the ALJ's reasons for giving less credence to Wikstrom's statements about "'the intensity, persistence and limiting effects of [her] symptoms'" based on the inconsistencies between Wikstrom's statements and her RFC assessment. *Id.* at 20. Judge Strand agrees with the ALJ's reasons for finding Wikstrom's subjective allegations not credible. Those reasons are as follows: (1) "Wikstrom's description of her daily activities is not consistent with her claimed limitations," and (2) "the objective medical evidence does not 'provide strong support for [Wikstrom's] allegations of disability symptoms and limitations.'" *Id.* (citing Tr. 16). Quoting *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005), Judge Strand is correct in asserting that "the court must 'defer to the ALJ's determinations regarding the credibility of testimony, so long as they are supported by good reasons and substantial evidence." *Id.* at 21. Thus, because Judge Strand finds that the ALJ's credibility determination is supported by good reasons, which are backed by substantial evidence, Judge Strand "reject[s] Wikstrom's argument that the ALJ failed to evaluate her credibility properly." *Id.*

Finally, based on his findings that "the ALJ properly weighed the medical opinion evidence and evaluated Wikstrom's credibility," Judge Strand "conclude[s] that the ALJ's formulation of Wikstrom's RFC is supported by substantial evidence on the record as a whole." *Id.* At step five of the *Polaski* test, the ALJ relied on the vocational expert's (VE) testimony to find that "Wikstrom is able to perform various unskilled jobs that exist in significant numbers in the national economy." *Id.* (citing Tr. 20–21). Judge Strand

5

indicates that the VE's testimony was in response to hypothetical questions, which "properly accounted for Wikstrom's impairments, as reflected in the RFC." *Id.* Therefore, in Judge Strand's words, "[T]hat testimony constitutes substantial evidence supporting the ALJ's finding at Step Five that Wikstrom is not disabled." *Id.* at 21–22.

Having reviewed the plaintiff's brief (docket no. 12), the defendant's brief (docket no. 13), the 502 pages of the record, and Judge Strand's very thorough and well-written R&R, I find no clear error. I therefore adopt the recommendations in his R&R. The Commissioner's decision that Wikstrom was not disabled during the relevant period of time is affirmed. Accordingly, the Clerk shall enter judgment in favor of the Commissioner and against Wikstrom.

**IT IS SO ORDERED**.

**DATED** this 4th day of June, 2015.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA